# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1931

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Dietrick Lavon Banks, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 4, 2002
Filed: June 27, 2003

_____

Before HANSEN,[1] Chief Judge, HEANEY and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

A jury found Dietrick Lavon Banks and his codefendants guilty of conspiring to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 (1994), and he was sentenced to life imprisonment and ten years supervised release. We affirmed his conviction, but vacated his sentence based on Apprendi v. New Jersey, 530 U.S. 466 (2000), and remanded "with directions to

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

resentence each defendant to a 30-year term of imprisonment." See United States v. Maynie, 257 F.3d 908, 918-21 (8th Cir. 2001), cert. denied, 534 U.S. 1151, and cert. denied, 535 U.S. 944 (2002). On remand, the district court[2] sentenced Banks to thirty years imprisonment and ten years supervised release.

On appeal, counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in finding it lacked discretion to deviate from the sentence ordered by this court, and that Banks was denied due process because the jury did not make a finding as to the specific drug involved in his offense. In his pro se supplemental briefs, Banks argues that his sentence violates Apprendi because the district court made drug quantity findings, Apprendi should be extended to preclude any drug-quantity increases to his Guidelines base offense level, and this court's directions to the district court in Maynie were clearly erroneous and resulted in a manifest injustice because they were based on the district court's previous drug quantity findings. We affirm.

The district court correctly found that it was bound by our mandate to sentence Banks to thirty years imprisonment. See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995). Banks's remaining arguments are precluded because they raise or are essentially based on arguments he did not bring in his prior appeal, see United States v. Stuckey, 255 F.3d 528, 531 (8th Cir.), cert. denied, 534 U.S. 1011 (2001), and because the drug quantity issue was outside the limited scope of the mandate for resentencing, see United States v. Behler, 187 F.3d 772, 777 (8th Cir. 1999).

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

---

[2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.