# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-2575

_____

Alberto Alaniz, Jr.,                                    *
                                                        *
          Appellant,                     *
                                                        *    Appeal from the United States
     v.                                     *    District Court for the
                                                        *    Western District of Missouri.
United States of America,                               *
                                                        *    [PUBLISHED]
          Appellee.                      *


_____

Submitted: September 9, 2003
Filed: December 9, 2003

_____

Before LOKEN, Chief Judge, McMILLIAN and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Alberto Alaniz, Jr. appeals the district court's denial of his motion under 28 U.S.C. § 2255 (1994 & Supp. V 1999) to vacate, set aside, or correct his sentence. We reverse because the district court erroneously deemed unreviewable a reviewable issue presented in Alaniz's § 2255 motion.

I.

In 1997, a jury found Alaniz guilty of conspiring to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846 (1994), and distributing marijuana,

in violation of 21 U.S.C. § 841 (1994). Because Alaniz was convicted years before the Supreme Court decided <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), drug quantity was left for the district court to determine at sentencing.

It is undisputed that the amount of marijuana involved in the distribution count was less than 50 kilograms, and because Alaniz had a prior felony drug conviction, his statutory penalty range was 0-10 years in prison. <u>See</u> 21 U.S.C. § 841(b)(1)(D) (1994). The district court's key determination--to which Alaniz's lawyer did not object--was the statutory penalty range for the conspiracy count, which carried higher penalties because it involved more marijuana than the distribution count.

The district court applied the statutory penalty range applicable to an offense, committed by a person with a prior felony drug conviction, involving 1000 kilograms or more of marijuana: 20 years to life in prison. <u>See</u> 21 U.S.C. § 841(b)(1)(A)(vii) (1994). The court held Alaniz responsible for a total of 1149.4 kilograms of marijuana by aggregating two different drug types. The amount of marijuana involved in the conspiracy was 809.2 kilograms. To this amount, the court added 12 ounces of methamphetamine Alaniz sold during the conspiracy period, which the court converted to its marijuana equivalent of 340.2 kilograms using the drug equivalency table in Section 2D1.1 of the U.S. Sentencing Guidelines Manual. If the district court had not included the methamphetamine, Alaniz's statutory penalty range would have been 10 years to life in prison. <u>See</u> 21 U.S.C. § 841(b)(1)(B)(vii) (1994).

Without the 20-year statutory minimum prison term on the conspiracy count, Alaniz's Guidelines imprisonment range would have been 210-262 months. Because the district court applied the 20-year statutory minimum, however, his effective Guidelines imprisonment range was 240-262 months. The court sentenced Alaniz to concurrent terms of 20 years in prison on the conspiracy count and 10 years in prison on the distribution count.

Alaniz appealed, but his lawyer did not challenge the district court's aggregation of the marijuana and the methamphetamine in setting the statutory penalty range for the conspiracy count. This court affirmed. See United States v. Alaniz, 148 F.3d 929 (8th Cir.), cert. denied, 525 U.S. 1047 (1998).

Alaniz then filed this § 2255 motion. He raised several claims, only one of which is relevant to this appeal. Alaniz claimed that the lawyer who represented him at trial and on appeal was ineffective for failing to challenge the application of the 20-year statutory minimum on the conspiracy count because the law does not allow the aggregation of a second, uncharged drug type when determining the statutory penalty range. The district court rejected this claim without a hearing, saying: "The sentencing guideline range without the mandatory minimum was 210-262 months. Because movant was sentenced to 240 months, a term within the original guideline range, this issue is unreviewable on appeal." We granted Alaniz a certificate of appealability to review the application of the 20-year statutory minimum.

## II.

By failing to raise it on direct appeal, Alaniz procedurally defaulted his claim that the district court improperly aggregated the marijuana and the methamphetamine when determining the statutory penalty range. See Johnson v. United States, 278 F.3d 839, 844 (8th Cir. 2002). However, he did not procedurally default his claim that his lawyer was ineffective for failing to challenge the court's improper aggregation of the marijuana and the methamphetamine to trigger a higher statutory penalty range. See Massaro v. United States, 123 S. Ct. 1690, 1694 (2003). Regardless of whether Alaniz's ineffective-assistance claim is addressed directly or used to overcome his procedural default, the analysis and the result are the same.

An ineffective-assistance claim is analyzed under the familiar Strickland framework: the movant must show that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that

3

there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice).  See Strickland v. Washington, 466 U.S. 668, 690, 694 (1984).

Every circuit that has considered the issue has concluded that a second, uncharged drug type cannot be added to the charged drug type in order to trigger a higher statutory penalty range.  See United States v. Santos, 195 F.3d 549, 551 (10th Cir. 1999) (collecting Second, Fourth, Sixth, and Seventh Circuit cases).  We conclude that Alaniz's lawyer performed deficiently by failing to raise this issue at sentencing or on appeal.  The drug equivalency table is strictly a Guidelines innovation; drug equivalency conversion is mentioned nowhere in the statutes penalizing drug trafficking.  There was simply no legal basis for the district court's inclusion of Alaniz's methamphetamine sales in determining the statutory penalty range for his marijuana-conspiracy conviction.  Although the aggregation issue is one of first impression in the Eighth Circuit, the Second, Fourth, Sixth, and Seventh Circuits had already rejected aggregation prior to Alaniz's sentencing.  Having concluded that counsel performed deficiently, we now turn to the question whether Alaniz was prejudiced by his lawyer's deficient performance.

We conclude that he was.  An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of Strickland.  See Glover v. United States, 531 U.S. 198, 202-04 (2001).  Had Alaniz's lawyer argued at sentencing and on appeal that the marijuana and the methamphetamine could not be aggregated to trigger the 20-year statutory minimum, Alaniz would have faced a Guidelines imprisonment range of 210-262 months, authorizing the district court to impose a sentence up to 30 months shorter than the one Alaniz received.

The final inquiry, then, is what sentence the district court would have imposed when originally sentencing Alaniz if it had not mistakenly believed that it was limited to a range of 240-262 months.  In denying Alaniz's § 2255 motion, the district court

4

did not answer this question; the court deemed the aggregation issue unreviewable because Alaniz's sentence fell within an area of overlap between the correct and incorrect Guidelines ranges. This was error: such an overlap renders a sentencing error unreviewable only if the district court, at the time of sentencing, states unequivocally that it would impose the same sentence with or without the challenged calculation. See, e.g., United States v. O'Hagan, 139 F.3d 641, 658 (8th Cir. 1998) (citing United States v. Simpkins, 953 F.2d 443, 446 (8th Cir.), cert. denied, 504 U.S. 928 (1992), and United States v. Kloor, 961 F.2d 1393, 1394-95 (8th Cir. 1992)). The district court did not make this type of clear declaration at the time of Alaniz's sentencing; thus, the issue is reviewable.

Accordingly, we reverse the district court's denial of Alaniz's § 2255 motion. On remand, the district court is instructed to determine what sentence it would have imposed when originally sentencing Alaniz if it had been faced with the correct Guidelines imprisonment range of 210-262 months. If the district court determines that it would have imposed a sentence of less than 20 years in prison, the court is instructed to resentence Alaniz to that lesser prison term.

Finally, Alaniz's pro se motion to discharge his appointed counsel in this appeal, which we previously ordered taken with the case, is hereby denied.

_____