# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2688

_____

United States of America,                *
                                          *
              Appellee,                   *
                                          *    Appeal from the United States
       v.                                 *    District Court for the
                                          *    Western District of Missouri.
Alberto Alaniz, Jr., also known as        *
Betin,                                    *         [PUBLISHED]
                                          *
              Appellant.                  *


_____

Submitted: January 25, 2005
    Filed: June 29, 2005
_____

Before LOKEN, Chief Judge, McMILLIAN and HANSEN, Circuit Judges.
_____

HANSEN, Circuit Judge.

Alberto Alaniz, Jr. appeals his sentence imposed by the district court[1] upon resentencing. In 1997, a federal jury convicted Alaniz of conspiring to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846 (1994), and distributing marijuana, in violation of 21 U.S.C. § 841 (1994). At his original sentencing, the district court made a drug quantity finding based upon a combination

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

of marijuana, which was the subject of the indictment, and an amount of methamphetamine that was not charged in the indictment but was admitted as relevant conduct. The district court decided that the resulting drug quantity, combined with Alaniz's prior felony drug conviction, was sufficient to invoke the statutory 20-year minimum sentence. See 21 U.S.C. § 841(b)(1)(A). The United States Sentencing Guidelines calculations resulted in a sentencing range of 210-262 months of imprisonment, but the district court applied the 20-year statutory minimum, which raised the lower end of the range to 240 months. The district court imposed a term of 240 months of incarceration, and we affirmed on direct appeal. See United States v. Alaniz, 148 F.3d 929 (8th Cir.), cert. denied, 525 U.S. 1047 (1998).

In 1999, Alaniz filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Supp. V 1999). The district court denied the motion. We reversed and remanded for resentencing, concluding that Alaniz's trial and appellate counsel had been ineffective for not challenging the trial court's use of an uncharged controlled substance to trigger the 20-year mandatory minimum set forth in 21 U.S.C. § 841(b)(1)(A). See Alaniz v. United States, 351 F.3d 365, 368 (8th Cir. 2003). We instructed the district court on remand to resentence Alaniz after determining what sentence it would have imposed under the correct Guidelines imprisonment range of 210-262 months, not limited by the mandatory minimum. Id.

On June 18, 2004, the district judge resentenced Alaniz to 240 months of imprisonment, using the proper Sentencing Guidelines range of 210-262 months. Alaniz's attorney requested a sentence of less than 240 months and also made reference to a two-level firearms enhancement imposed at his original sentencing. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995) (requiring a two-level increase for possession of a dangerous weapon in connection with the offense). Counsel questioned the factual determination that firearms had been involved in the offense conduct. The district court did not address this argument, concluding that it was not within the scope of the resentencing hearing.

Alaniz now appeals his resentencing, contending only that the district court erred in applying a two-level increase for the presence of firearms pursuant to USSG § 2D1.1(b)(1). Specifically, Alaniz contends that this increase is not justified by the evidence and is based on facts found by the judge at sentencing that were not presented to the jury. Alaniz contends for the first time in this appeal that the firearm enhancement deprived him of his Sixth Amendment right to a trial by jury, citing Apprendi v. New Jersey, 530 U.S. 466 (2000), Ring v. Arizona, 536 U.S. 584 (2002), and Blakely v. Washington, 124 S. Ct. 2531 (2004).[2]

"On remand for resentencing, . . . the sentencing court is bound to proceed within the scope of any limitations imposed by the appellate court." United States v. Curtis, 336 F.3d 666, 669 (8th Cir. 2003) (source and internal quotation marks omitted). On appeal of a resentencing, we have refused to consider arguments that were not raised in the prior appeal where the mandate for resentencing was limited in scope. See United States v. Banks, 333 F.3d 884, 886 (8th Cir. 2003). This principle applies with even greater force in the collateral context of a § 2255 motion where appeals are limited by the grant and scope of a certificate of appealability. We did not decide any issues related to the USSG § 2D1.1(b)(1) firearms enhancement in Alaniz's prior appeal of the denial of his § 2255 motion. In fact, while Alaniz sought a certificate of appealability on both the issues of the firearm enhancement and the applicability of the § 841(b)(1)(A) mandatory minimum sentence for purposes of the prior appeal, we granted the certificate only on the mandatory minimum issue, limiting our consideration to that issue. We likewise remanded for resentencing on that issue alone. Our instructions to the district court on remand were "to determine what sentence it would have imposed when originally sentencing Alaniz if it had been faced with the correct Guidelines imprisonment range of 210-262 months." Alaniz, 351 F.3d at 368. We set forth the applicable Guidelines range and did not authorize the district court to recalculate that range.

---

[2]See also United States v. Booker, 125 S. Ct. 738 (2005).

The district court did not permit Alaniz to raise additional challenges to the Sentencing Guidelines range at resentencing. Alaniz's counsel acknowledged on the record that the district court had indicated that its decision would be based on evidence that already had been presented and the proper Guidelines range as instructed by the Eighth Circuit. (Appellant's Add. B at 5-6.) We conclude that the district court properly proceeded within the bounds of the resentencing ordered by this court, and Alaniz may not now raise additional sentencing issues that were not within the scope of our remand order. See United States v. Walterman, No. 04-1475, 2005 WL 1250333, at *1 (8th Cir. May 27, 2005) (declining, in a direct criminal appeal after remand, to address a new argument based upon Blakely, which had not been advanced in the first sentencing proceeding, the first appeal, or in his second sentencing proceeding).

Accordingly, we affirm the district court's judgment resentencing Alaniz within the correct Guidelines range.

_____