**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4511
_____

UNITED STATES OF AMERICA

v.

KELIN MANIGAULT,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Criminal No. 05-00187)
District Judge: Hon. Sylvia H. Rambo

Submitted February 25, 2010

Before: CHAGARES, STAPLETON, and LOURIE,[*] Circuit Judges.

(Filed: September 30, 2010)

_____

OPINION
_____

CHAGARES, Circuit Judge.

 This matter is before the Court on defendant Kelin Manigault's appeal of the

_____

[*]The Honorable Alan D. Lourie, Circuit Judge for the United States Court of
Appeals for the Federal Circuit, sitting by designation.

denial of his motion for relief under 28 U.S.C. § 2255.  For the reasons below, we will vacate the order granting the certificate of appealability and dismiss the appeal for lack of jurisdiction.

I.

Because we write solely for the benefit of the parties, we only briefly summarize the essential facts.

On December 9, 2004, Harrisburg, Pennsylvania police recovered a .45 caliber semi-automatic handgun and thirty-two grams of cocaine base while conducting an inventory search of an illegally parked car.  The vehicle was registered to Rechina Stanley, but Ms. Stanley later acknowledged that she had purchased the car on behalf of Manigault, and that he was the operator of the car at all times.  A warrant was issued for Manigault's arrest.

On March 29, 2005, police observed Manigault sitting in a parked car.  When they approached the vehicle, Manigault fled, and threw a bag under a nearby car.  Manigault was caught and placed under arrest, and the bag, which contained forty-one grams of cocaine base, was recovered.

Manigault was indicted on May 11, 2005 for five counts of firearm and drug trafficking offenses.  Pursuant to a plea agreement, he pleaded guilty to two counts of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and the other charges were dropped.

Manigault had two prior felony convictions – one for drug trafficking and one for reckless endangerment of another person. In the Presentence Report ("PSR"), the Probation Officer determined that these two convictions qualified Manigault as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. This increased his criminal history category from V to VI, and with an offense level of 33, the recommended Guideline range was determined to be 235 to 293 months in prison.

Manigault objected to the PSR, specifically arguing that his prior conviction for reckless endangerment was not a "crime of violence" under U.S.S.G. § 4B1.2, and that he therefore was not a career offender. The District Court rejected his objections and sentenced Manigault to 235 months of imprisonment. On March 21, 2006, Manigault appealed this judgment to this Court. Relying upon our precedent in United States v. Parson, 955 F.2d 858 (3d Cir. 1992), we affirmed the judgment and determination that reckless endangerment is a crime of violence for the purposes of determining whether a criminal defendant is a career offender. United States v. Manigault, 228 F. App'x 183 (3d Cir. 2007).

On July 10, 2008, Manigault filed a motion pursuant to 18 U.S.C. § 3582(c) to reduce his sentence pursuant to the retroactive amendment to the crack cocaine sentencing guidelines. On August 6, the District Court agreed that the amendment reduced his offense level to 31, which reduced his guideline range to 188 to 235 months. The District Court subsequently reduced Manigault's sentence to 188 months.

Also on July 10, Manigault filed a counseled motion for relief under 28 U.S.C. § 2255. He alleged three grounds of ineffective assistance of counsel: (1) that his counsel was ineffective for failing to file a motion to compel documents regarding his reckless endangerment conviction; (2) that his counsel was ineffective for inadequately arguing that reckless endangerment was not a crime of violence; and (3) that his counsel was ineffective for failing to object to the Government's arguments at sentencing that his career offender classification was appropriate. He also argued that his sentence was based on inaccurate information and false assumptions in violation of the Due Process clause. The District Court denied Manigault's § 2255 motion, and Manigault filed a timely notice of appeal and a request for a certificate of appealability.

In his request for a certificate of appealability, Manigault argued that his conviction for reckless endangerment was no longer a crime of violence based on the Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008). Although Begay had been decided before he filed his counseled § 2255 motion, Manigault did not raise Begay before the District Court or argue that there had been any recent change in the relevant law. On July 16, 2009, a panel of this Court granted a certificate of appealability on the following issues:

> (1) whether Manigault may relitigate his challenge to his career offender status based on a change in the applicable law; Begay v. United States, 128 S. Ct. 1581 (2008); United States v. Palumbo, 608 F.2d 529, 533 (3d Cir. 1979); Davis v. United States, 417 U.S. 333 (1974); (2) whether Manigault waived this claim by not bringing Begay to the District Court's attention despite its availability; (3) what details of the reckless endangerment conviction are

4

available in documents appropriate under a Shepard [v. United States, 544 U.S. 13 (2005)] analysis; and (4) the outcome of the state drug charges pending during sentencing and the impact additional drug convictions would have on any resentencing.

App. at 20.

## II.

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. We lack appellate jurisdiction unless the applicant has made such a showing. United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2000) (en banc). In Cepero, the defendant argued that the District Court misapplied the sentencing guidelines because the Government failed to show that he had sold crack cocaine and not some other form of cocaine base. Id. We concluded that we lacked jurisdiction over the appeal because the misapplication of the guidelines in that case did not present a constitutional issue. However, we noted that we were not suggesting that such an error could never rise to the level of a constitutional deprivation. Id. at 268 n.6.

Thus, the question is whether the Begay claim Manigault seeks to raise on appeal alleges an error[1] that rises to the level of a violation of a constitutional right.[2] Manigault

---

[1] We will assume arguendo that Begay applies retroactively to Manigault's claim, see Sun Bear v. United States, 611 F.3d 925 (8th Cir. 2010); Gilbert v. United States, 609 F.3d 1159, 1165 (11th Cir. 2010); Welch v. United States, 604 F.3d 408 (7th Cir. 2010), and that his conviction for reckless endangerment would no longer qualify as a crime of violence. See United States v. Lee, 612 F.3d 170, 196 (3d Cir. 2010). Because we conclude that the claim does not present a constitutional issue, we need not reach the

contends that he argued in his § 2255 motion that "constitutional violation(s) led to a sentence based on inaccurate information and false assumptions." Reply Brief at 11. However, Manigault was not sentenced on inaccurate information or false assumptions in violation of his rights to due process under the Fifth Amendment; his sentence was correct under our caselaw at the time. Rather, the legal consequences of his prior offense changed after Begay.

Manigault argued that his sentencing guidelines range would be 168 to 210 months without the career offender designation. App. at 85. Manigault's sentence of 188 months does not exceed the maximum of that guidelines range. Nor does his sentence exceed the statutory maximum of 480 months for his conviction. See 21 U.S.C. § 841(b)(1)(B)(iii). Manigault has not made a substantial showing of the denial of any constitutional right; rather, he alleges only that, after Begay, the application of the career offender enhancement to his sentence violates the sentencing guidelines.[3] Under Cepero, this is

---

question of whether Manigault waived his Begay claim.

[2] As for the claims Manigault raised in his § 2255 motion in the District Court, we conclude that Manigault has not made a substantial showing of the denial of a constitutional right for essentially the reasons given by the District Court.

[3] We acknowledge that one Court of Appeals has addressed a similar claim based on Begay on appeal from the denial of a § 2255 motion. The court in Sun Bear believed that the defendant's Begay claim was not an ordinary claim of the misapplication of the sentencing guidelines. Rather, it believed the claim was based on a change in the law that made the District Court's sentencing calculations unlawful. The court concluded that this "inherently results in a complete miscarriage of justice and presents exceptional circumstances that justify collateral relief under § 2255." Sun Bear, 611 F.3d at 930 (quoting Davis, 417 U.S. at 346-47). While the Sun Bear court addressed the

6

not sufficient for the issuance of a certificate of appealability.

III.

For the above reasons, we will vacate the order granting the certificate of appealability and dismiss the appeal for lack of jurisdiction.

---

cognizability of the claim under § 2255, it did not address whether the claim alleged a violation of a constitutional right under § 2253(c)(2), a distinct issue. Davis, 417 U.S. at 345-47; Cepero, 224 F.3d at 267 ("Section 2255 petitions . . . serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred. . . . Under § 2253(c)(2), we have appellate jurisdiction over only those issues substantially shown to deny a petitioner a constitutional right.").