# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1429

_____

Thomas Alfred Brydon

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: November 13, 2012
Filed: December 3, 2012
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.

_____

PER CURIAM.

Petitioner Thomas Alfred Brydon appeals the district court's[1] denial of his 28 U.S.C. § 2255 petition for relief.  We affirm.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Brydon pleaded guilty to conspiring to manufacture methamphetamine. At sentencing, the district court applied the career-offender provisions of United States Sentencing Guidelines §§ 4B1.1 & 4B1.2. The court determined that four prior Iowa convictions for operating a motor vehicle without the owner's consent and one prior Iowa conviction for operating a motor vehicle while intoxicated qualified as predicate crimes of violence. Subsequently, the Supreme Court issued its opinion in Begay v. United States, 553 U.S. 137 (2008) (holding that driving while intoxicated is not a "violent felony" pursuant to 18 U.S.C. § 924(e)(2)(B)). Later, in United States v. Steward, 598 F.3d 960, 963 (8th Cir. 2010), we applied Begay and held that the Iowa offense of operating a motor vehicle without the owner's consent is no longer to be deemed a predicate "crime of violence" as defined in U.S.S.G. § 4B1.1 & 4B1.2.

Brydon filed his § 2255 petition asserting that a failure to resentence him and extend to him the benefit of Begay would amount to a miscarriage of justice. The district court acknowledged the change in the law as expressed in Begay, but held that, because Brydon's sentence was below the statutory maximum penalty for his offense, he alleged only a Guidelines error such that § 2255 relief remained unavailable.

Pursuant to our en banc ruling in Sun Bear v. United States, 644 F.3d 700 (8th Cir. 2011) (en banc), we affirm the judgment of the district court. In Sun Bear, our Court held that § 2255 provides no avenue of relief for a federal prisoner sentenced below the applicable statutory maximum sentence even if that prisoner is sentenced as a career offender based upon a predicate offense later determined not to be a crime of violence in light of Begay. Id. at 704–06. Our court characterized such an error as an "ordinary" Sentencing Guidelines question rather than a cognizable error of law or an error that fits within any miscarriage-of-justice exception for § 2255 relief. Id. at 704. Brydon's argument is materially indistinguishable from the argument rejected in Sun Bear.

-2-

We affirm the judgment of the district court.

_____