*1145 WILSON, Circuit Judge,
joined by MARTIN, JORDAN, and ROSENBAUM, Circuit Judges, dissenting:
Kevin Spencer has served approximately eight years of the prison sentence he received after pleading guilty to selling two rocks of crack cocaine to an undercover police officer. Had the district court correctly applied the sentencing guidelines, Spencer would likely be a free man today. Instead, because of the district court’s erroneous application of the career offender enhancement, Spencer faces the prospect of spending nearly six more years in prison unnecessarily.
Contrary to the Majority, I do not read Supreme Court precedent to say that a “lawful” sentence forecloses a determination by us that a complete miscarriage of justice has taken place in Spencer’s case. Accordingly, I would reach the merits of Spencer’s claim because I believe that an erroneous guideline determination that is likely to result in a person spending such a considerable amount of additional time in prison — here, six years — constitutes a fundamental error resulting in a complete miscarriage of justice.
I.
An allegation of legal error that is neither constitutional nor jurisdictional is not cognizable on collateral review “unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.” United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979) (internal quotation marks omitted). The question before us, then, is whether the error alleged by Spencer — the erroneous application of the career offender enhancement — meets that standard.
The Majority answers this question in the negative because the sentence Spencer received was “lawful”. This answer follows from two rules the Majority distills from Supreme Court precedent. The first: errors that yield unlawful sentences are cognizable on collateral review. See Maj. Op. at 1138-39 (recognizing that a claim that a sentence was based on conduct “the law does not make criminal” is cognizable on collateral review (quoting Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974))). The second: errors that yield lawful sentences are not cognizable on collateral review. See Maj. Op. at 1138 (“‘[LJawful’ sentences do not result in a ‘complete miscarriage of justice.’ ” (quoting Addonizio, 442 U.S. at 186-87, 99 S.Ct. at 2241)). The Majority, then, has identified a dichotomy. When a claim of non-constitutional, non jurisdictional error is raised on collateral review, we may consider that claim only if the alleged error resulted in an unlawful sentence. If the alleged error resulted in a lawful sentence, then there is no basis for the collateral attack. I reject this dichotomy. For the reasons explained below, I believe that the fact that a sentence is deemed “lawful” does not prohibit us from determining that a complete miscarriage of justice has occurred on collateral review.
A.
If the line dividing cognizable claims from non-cognizable claims is the line between lawful and unlawful sentences, then the definitions of lawful and unlawful become exceedingly important. The Majority does not explicitly define either, but does indicate that a sentence is lawful if it is within the scope of a court’s authority. See Maj. Op. at 1138 (noting that the sentence in Addonizio was lawful because it “was less than the statutory maximum sentence prescribed by Congress”); id. at 1143-44 (“Spencer’s sentence ... is lawful [because i]t does not exceed the statutory *1146 maximum sentence [and] [a] resentencing court could reimpose the same sentence .... ” (citation omitted)). And if lawful sentences are those within the scope of a court’s authority, then logic would dictate that unlawful sentences must be those outside the scope of that authority. This conclusion is supported by the Majority’s reliance on Davis as an example of error that results in a complete miscarriage of justice, see Addonizio, 442 U.S. at 186-87, 99 S.Ct. at 2241 (stating that “the conviction and sentence [in Davis ] were no longer lawful” because the charged conduct was not criminal), and the Majority’s approval of an Eighth Circuit case defining “ ‘an unlawful or illegal sentence [as] one imposed without, or in excess of, statutory authority,’ ” Maj. Op. at 1140 (quoting Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir.2011) (en banc)).
The Majority’s dichotomy serves to distinguish cases that are cognizable on collateral review — i.e., cases where error led to an unlawful sentence — from cases that are not cognizable on collateral review— i.e., cases where error led to a lawful sentence. However, the Majority interprets Supreme Court and Eleventh Circuit case law as providing an avenue for collateral attack even when a sentence is lawful. If lawful sentences can result in a complete miscarriage of justice, then the Majority’s dichotomy and its basis for denying Spencer relief are simply wrong.
Today’s opinion recognizes the continuing validity of the Supreme Court’s decision in Johnson v. United States, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), and reaffirms our own decision in Stewart v. United States, 646 F.3d 856 (11th Cir.2011), see Maj. Op. at 1138, both of which recognize that a petitioner is entitled to collaterally attack a sentence when he can show that a prior conviction used to trigger a sentencing enhancement has been vacated, see Johnson, 544 U.S. at 303, 125 S.Ct. at 1577 (“[A] defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated.” (emphasis added)); Stewart, 646 F.3d at 859 (noting that Johnson established that the vacatur of a state conviction used to enhance a federal sentence “gives a defendant ... the basis to challenge [that] sentence”). For the reasons set out in Judge Rosenbaum’s dissent, which I join, I believe that Johnson’s holding requires us to recognize the cognizability of Spencer’s claim. Under Johnson, a lawful sentence reached after an erroneous guideline range calculation can be the foundation for a cognizable § 2255 claim, and, as Judge Rosenbaum accurately details, Spencer’s claim is one of those that actually is cognizable.
B.
The Majority says that its survey of Supreme Court precedent concerning the miscarriage of justice standard requires it to say that “[w]e lack the authority to provide Spencer relief because ... his sentence is lawful.” Maj. Op. at 1139. The Supreme Court has announced no such rule. To be sure, the Supreme Court has clearly held that an error resulting in an unlawful sentence — i.e., a sentence that is beyond the scope of a court’s legal authority — is sufficient to satisfy the complete miscarriage of justice standard. See Davis, 417 U.S. at 346-47, 94 S.Ct. at 2305; Addonizio, 442 U.S. at 186-87, 99 S.Ct. at 2241 (stating that refusing to vacate the sentence in Davis “would surely have been a complete miscarriage of justice, since the conviction and sentence were no longer lawful” (emphasis added) (internal quotation marks omitted)). But nowhere has the Supreme Court held that a finding of unlawfulness is necessary to satisfy the complete miscarriage of justice standard. *1147 In fact, Addonizio itself indicates that the fact that a sentence is lawful does not necessarily preclude a court from determining that a complete miscarriage of justice has occurred. See 442 U.S. at 187-88, 99 S.Ct. at 2241-42 (determining that prior case law did not support allowing a petitioner to collaterally attack his sentence and then considering whether there was a “basis for enlarging the grounds for collateral attack”).
In Addonizio, the petitioners argued that “a postsentencing change in the policies of the United States Parole Commission ... prolonged their actual imprisonment beyond the period intended by the sentencing judge.” Id. at 179, 99 S.Ct. at 2237. The Court’s analysis of whether the claimed error was sufficient to allow a collateral attack began with a comparison to cases “in which collateral attacks were permitted.” Id. at 186, 99 S.Ct. at 2241. The Court noted that Addonizio’s claim, like the claim in Davis, was that “a judgment that was lawful when it was entered should be set aside because of a later development.” Id. However, the Court distinguished Davis because the subsequent development there “was a change in the substantive law that established that” petitioner’s sentence was unlawful. Id. at 186-87, 99 S.Ct. at 2241. Because the errors alleged in Addonizio did not render the sentences unlawful, the Court found that Davis did not entitle the petitioners to relief. See id. That finding, however, merely signaled to the Court that the rule announced in Davis did not provide Addonizio with a basis for relief. See id. at 187, 99 S.Ct. at 2241 (“Our prior decisions, then, provide no support for Addonizio’s claim that he is entitled to relief under § 2255.”).
The Majority interprets the Court’s reasoning in Addonizio as establishing a per se rule: lawful sentences do not result in a complete miscarriage of justice. However, that rule is belied by the fact that, after determining that the sentences were lawful, the Court nevertheless went on to consider whether it would be appropriate to allow a collateral attack to proceed. See id. (deciding that “there is no basis for enlarging the grounds for collateral attack to include claims” like Addonizio’s). The Majority, then, has taken the rule announced in Davis and reaffirmed in Addonizio — unlawful sentences result in a complete miscarriage of justice — and inferred that the negative must also be true to arrive at the rule it announces today— lawful sentences do not result in a complete miscarriage of justice. In doing so, the Majority claims to be bound by a rule the Supreme Court has not recognized. I believe that we are entitled to consider whether the erroneous enhancement of an advisory guideline range is a fundamental error that results in a complete miscarriage of justice.
II.
Not “every asserted error of law can be raised on a § 2255 motion.” Davis, 417 U.S. at 346, 94 S.Ct. at 2305. When a petitioner alleges legal error that is neither constitutional nor jurisdictional in nature, that error is not cognizable on collateral review “unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.” Addonizio, 442 U.S. at 185, 99 S.Ct. at 2240 (internal quotation marks omitted). As I have stated, no precedent precludes our consideration of Spencer’s petition. To determine whether we can reach the merits of Spencer’s claim, we are entitled to look to prior precedent concerning the complete miscarriage of justice standard and decide for ourselves whether there is a “basis for enlarging the grounds for collateral attack to in- *1148 elude claims” like Spencer’s. See id. at 187, 99 S.Ct. at 2241. In doing so, we must keep in mind that this standard is satisfied only in “exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.” United States v. Timmreck, 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (internal quotation marks omitted).
The Supreme Court tells us that those exceptional circumstances are not met unless a petitioner has suffered prejudice. Davis, 417 U.S. at 346, 94 S.Ct. at 2305 (“In Hill v. United States, 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), for example, we held that ‘collateral relief is not available when all that is shown is a failure to comply with the formal requirements’ of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error.” (emphasis added)); Peguero v. United States, 526 U.S. 23, 24, 119 S.Ct. 961, 963, 143 L.Ed.2d 18 (1999) (holding that “a district court’s failure to advise the defendant of his right to appeal [did] not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission” (emphasis added)); Timmreck, 441 U.S. at 784, 99 S.Ct. at 2087 (noting that the violation of Rule 11 did not result in a complete miscarriage of justice where the defendant was aware of his rights and would not have acted differently even if the rule had been followed). Prejudice, then, is a necessary part of a determination that there has been a complete miscarriage of justice. But given the exceptional nature of this standard, not all prejudice will be sufficient. In both cases where the Supreme Court determined that a complete miscarriage of justice had occurred, the prejudice suffered by the petitioners amounted to a complete deprivation of freedom by virtue of a longer-than-deserved prison sentence. See Davis, 417 U.S. at 346, 94 S.Ct. at 2305 (recognizing that an error resulting in a sentence that punished the petitioner for “an act that the law does not make criminal” was sufficient to satisfy the complete miscarriage of justice standard); Johnson, 544 U.S. at 303, 125 S.Ct. at 1577 (recognizing a basis for relief when a sentence is erroneously enhanced under the mandatory guidelines). Those opinions tell us that the relief provided by the complete miscarriage of justice standard should be reserved for those rare instances like this one when a person’s individual freedom is at stake.
It seems clear to me based on this record that it is highly unlikely that Spencer would receive the same sentence on remand in the absence of the career offender enhancement. At sentencing, the sentencing judge’s statements suggested that Spencer’s sentence would be different in the absence of the career-offender enhancement: “You’re a young man. 150 months is a long time to spend in prison.” The judge told Spencer that in the absence of the career-offender enhancement, “instead of looking at a 32, you’d have been looking at a level 23. It’s, in essence, half the sentence, in essence.” Sentencing Tr. at 20 (Record No. 49). The erroneous enhancement increased Spencer’s guideline range from 70 to 87 months to 151 to 180 months.
The Majority touts that finality is an important principle of vital importance to our system of justice. But, “[W]ithout justice, finality is nothing more than a bureaucratic achievement,” Gilbert, 640 F.3d 1293, 1337 (11th Cir.2011) (en banc) (Hill, J., dissenting), so we should resist the temptation to “prostrate[] [ourselves] at the altar of finality, draped in the sacred shroud of judicial restraint,” Whiteside v. United States, 748 F.3d 541, 556 (4th Cir.2014) (Davis, J., concurring), reh’g en banc granted, 578 Fed.Appx. 218 (4th Cir.2014), *1149 when the facts indicate that a particular result is completely unjust.
Accordingly, I would treat Spencer’s claim as cognizable and consider this appeal on the merits.