# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2907

_____

| | |
|---|---|
| Joshua D. Lindsey, | * |
| | * |
| Appellant, | * |
| | *  Appeal from the United States |
| v. | *  District Court for the |
| | *  Western District of Missouri. |
| United States of America, | * |
| | * |
| Appellee. | * |

_____

Submitted: May 13, 2010
Filed: August 12, 2010

_____

Before BYE, MELLOY, and SHEPHERD, Circuit Judges.

_____

BYE, Circuit Judge.

Joshua Lindsey pleaded guilty in 2006 to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced as a career offender pursuant to the United States Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1(a)(2). Lindsey later filed a motion for post-conviction relief under 28 U.S.C. § 2255, arguing he was improperly sentenced as a career offender in light of the Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008). The district court denied Lindsey's motion on the grounds that Begay did not apply retroactively. We affirm on other grounds, concluding that Lindsey procedurally defaulted on his claim.

I

A grand jury in 2006 indicted Lindsey on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Lindsey pleaded guilty without a plea agreement. The Presentence Investigation Report (PSR) determined that Lindsey had previously committed two crimes of violence: a conviction for fleeing to elude and a conviction for driving under the influence of alcohol. The PSR therefore recommended a base offense level of 24. See U.S.S.G. § 2K2.1(a)(2). The PSR also recommended a three-level reduction for acceptance of responsibility, resulting in a final offense level of 21. Factoring in Lindsey's criminal history score of VI, the PSR calculated a Guidelines range of 77 to 96 months. Lindsey raised no objections to the PSR, and the district court sentenced Lindsey to 77 months' imprisonment. Lindsey did not appeal his conviction or sentence.

On March 6, 2009, Lindsey filed a motion under 28 U.S.C. § 2255 seeking to vacate his sentence. Lindsey argued that the district court erroneously concluded his prior conviction for driving under the influence of alcohol was a crime of violence within the meaning of U.S.S.G. § 2K2.1(a)(2), in light of the Supreme Court's 2008 ruling in Begay. The district court declined to resentence Lindsey, holding that he was not entitled to the retroactive application of Begay. The government also argued before the district court that Lindsey had defaulted on his claims by failing to raise them in his criminal proceedings and on direct appeal, but the district court declined to address the government's default argument. The district court granted Lindsey a certificate of appealability and Lindsey timely appeals.

II

United States Sentencing Guidelines Manual § 2K2.1(a)(2) provides for a base level offense of 24 if the defendant commits a qualifying offense "subsequent to

sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."

In <u>Begay</u>, the Supreme Court concluded that driving under the influence of alcohol is not a violent felony contemplated by the Armed Career Criminals Act. 553 U.S. at 148. Recently, in <u>Sun Bear v. United States</u>, No. 09-2992, 2010 WL 2813620 at *3-4 (8th Cir. July 20, 2010), we concluded that the Supreme Court's ruling in <u>Begay</u> is applicable retroactively to defendants sentenced as career offenders under U.S.S.G. § 2K2.1(a)(2). Therefore, we conclude the district court erred when it held <u>Begay</u> did not apply retroactively.

We turn, then, to the government's lone remaining argument for affirming the district court's decision. The government contends that Lindsey, by failing to object to the application of U.S.S.G. § 2K2.1(a)(2) at any point during his criminal proceedings, procedurally defaulted on his claim and is now barred from raising the issue.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted).

Lindsey argues that cause exists for failing to argue his DUI conviction was not a crime of violence. As Lindsey correctly points out, any such argument was squarely foreclosed in this circuit. <u>See, e.g.</u>, <u>United States v. McCall</u>, 439 F.3d 967, 972 (8th Cir. 2006) (en banc); <u>United States v. Webster</u>, 442 F.3d 1065, 1067-68 (8th Cir. 2006). We are not unsympathetic to Lindsey's contention that he should be excused for failing to make an argument that, at the time, had no chance of success either at the district court or before this court. As the Supreme Court has instructed, however, "perceived futility alone cannot constitute cause." <u>Smith v. Murray</u>, 477 U.S. 527,

535 (1986) (citing Engle v. Isaac, 456 U.S. 107, 130 (1982)). In Bousley v. United States, 523 U.S. 614 (1998), for example, the Supreme Court declined to find cause for a procedural default where a defendant failed raise the argument, at the time foreclosed in the Eighth Circuit, that he was not guilty of "using" a firearm within the meaning of 18 U.S.C. § 924(c)(1). Bousley, 523 U.S. at 616, 622-23. The Court reiterated that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" Id. at 623 (citations omitted). We therefore conclude that Lindsey has failed to show cause necessary to overcome his procedural default.

Lindsey next argues he should be relieved from his default because he is actually innocent. We have previously held, however, that the actual innocence exception to the procedural default rule is not available to remedy errors in noncapital sentencing. See Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997) (en banc). But see Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162 (2d Cir. 2000) (holding that the actual innocence exception applies in noncapital sentencing context when the error is related to the finding of a predicate act forming the basis for enhancement); United States v. Mikalajunas, 186 F.3d 490, 494-495 (4th Cir. 1999) (concluding that the actual innocence exception applies in the noncapital sentencing context where an error relates to a recidivist enhancement). Lindsey makes no argument that he is actually innocent of being a felon in possession of a firearm. Rather, he asserts he did not previously commit two crimes of violence, as required by the sentencing enhancement. Thus, we conclude the actual innocence exception is unavailable to Lindsey in these circumstances.

III

Because we conclude Lindsey procedurally defaulted on his claim that he was sentenced improperly, we affirm.

_____