**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-7617**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

RODRICK DELANE WILLIAMS,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Cameron McGowan Currie, District
Judge.  (0:05-cr-00499-CMC-1; 0:09-cv-70030-CMC)

———————————

Submitted:  July 14, 2010        Decided:  September 24, 2010

———————————

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Joshua Snow Kendrick, Columbia, South Carolina, for Appellant.
Robert Frank Daley, Jr., Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodrick Delane Williams appeals an order of the district court denying relief on his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2010), alleging that he was wrongly sentenced as an armed career criminal pursuant to 18 U.S.C. §§ 922(g)(1), 924(e) (2006). Although the court denied Williams' motion, it granted a certificate of appealability. We find that, under the current law of this circuit, Williams is entitled to relief. We therefore vacate the district court's order and remand for resentencing.

Williams was convicted in 2005 of unlawful possession of a firearm and ammunition by a felon, and sentenced as an armed career criminal. One of the predicate offenses for his armed career criminal status was a prior South Carolina conviction for failure to stop for a blue light. On appeal, Williams claimed unsuccessfully that another predicate conviction was not a serious drug offense. We affirmed the sentence. United States v. Williams, 508 F.3d 724 (4th Cir. 2007).

After the Supreme Court decided Begay v. United States, 128 S. Ct. 1581 (2008), Williams filed a § 2255 motion in which, relying on our post-Begay decision in United States v. Roseboro, 551 F.3d 226 (4th Cir. 2009), he claimed that his South Carolina conviction for failure to stop for a blue light

2

was not a violent felony because there was no evidence that his conduct was willful or knowing. The district court first noted that Begay was applicable to Williams' case because his certiorari petition was pending in the Supreme Court when Begay was decided. The court decided that Williams had procedurally defaulted his claim by not raising it in his direct appeal, and would thus need to show either (1) cause for the default and prejudice resulting from it, or (2) actual innocence of being an armed career criminal because his blue light conviction was not a violent felony within the meaning of the statute. The court subsequently considered the transcript of Williams' guilty plea to the blue light offense and held that his failure to stop was intentional, rejected Williams' argument that Roseboro was wrongly decided because the South Carolina blue light statute set out a strict liability offense, and denied Williams' § 2255 motion. Williams appealed.

A defendant may appeal the district court's order denying relief under § 2255 if the district court judge issues a certificate of appealability based on a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c) (2006); Fed. R. App. P. 22(b)(1); Miller-El v. Cockrell, 537 U.S. 322 (2003). Here, the district court denied § 2255 relief on the merits, but granted Williams a certificate of

appealability. We therefore review the district court's ruling de novo.

Issues that could have been raised on direct appeal but were not may not be raised in a collateral proceeding under § 2255, see Stone v. Powell, 428 U.S. 465, 477 n.10 (1976), unless the movant can show cause for the default and resulting prejudice, United States v. Frady, 456 U.S. 152, 167-68 (1982), or a miscarriage of justice, United States v. Addonizio, 442 U.S. 178, 185 (1979); United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). For a miscarriage of justice to exist, a defendant must show actual innocence by clear and convincing evidence. Murray v. Carrier, 477 U.S. 478, 496 (1986); Mikalajunas, 186 F.3d at 493.

Williams claims that Roseboro, the authority on which the district court relied, was wrongly decided. Since Williams filed his informal brief, we have held, in United States v. Rivers, 595 F.3d 558 (4th Cir. 2010), that, in light of the Supreme Court's post-Roseboro decision in United States v. Chambers, 129 S. Ct. 687 (2009), "under no circumstance is a violation of South Carolina's blue light statute a violent felony under the ACCA." Rivers, 595 F.3d at 559. Thus, "Roseboro is no longer good law as applied to the South Carolina blue light statute." Rivers, 595 F.3d at 562.

4

Consequently, while the district court's decision was correct under the law of this circuit when it was issued, the change in the law renders Williams actually innocent of being an armed career criminal. Accordingly, we vacate the district court's order denying § 2255 relief and remand this case to the district court for resentencing in light of <u>Rivers</u>. We grant Williams' motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>