**Christopher Damon SPENCER,**
**Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

Civil Action No. 2:12cv447.
Original Criminal No. 2:11cr30.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 25, 2012.

722

Christopher Damon Spencer, pro se.

Sherrie S. Capotosto, Assistant United States Attorney, Norfolk, VA, for Respondent.

### *MEMORANDUM FINAL ORDER*

REBECCA BEACH SMITH, Chief Judge.

This matter comes before the court on the motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 ("Motion") of the Petitioner, Christopher Damon Spencer ("Spencer").[1] For the reasons set forth below, the court **DENIES** the Petitioner's Motion.[2]

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 2, 2011, a federal grand jury in the Eastern District of Virginia indicted Spencer on thirteen (13) counts. Count One charged Spencer with conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Counts Two through Thirteen charged Spencer with distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. On May 3, 2011, Spencer pled guilty to Count One before Magistrate Judge F. Bradford Stillman. On August 10, 2011, this court sentenced Spencer to two hundred thirty-five (235) months of imprisonment and five (5) years of supervised release.

On August 13, 2012, Spencer filed the instant Motion.[3] In the Motion, the Petitioner alleges that he no longer qualifies as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("Guidelines") after the Supreme Court's decision in *Carachuri–Rosendo v. Holder,* —— U.S. ——, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), the Fourth Circuit's decision in *United States v. Simmons,* 649 F.3d 237 (4th Cir.2011), and the Eastern District of North Carolina's Decision in *Brantley v. United States,* No. 5:10–CV–600, No. 5:07–CR–20–BO, 2012 WL 1745510, 2012 U.S. Dist. LEXIS 68373 (E.D.N.C. May 16, 2012). Mot. at 5.

On August 14, 2012, the court entered an order directing the United States to respond, which it did on August 27, 2012. Spencer did not reply to the government's response, and the matter is ripe for review.

### II. DISCUSSION

■ A prisoner may challenge a sentence imposed by a federal court if: 1) the sentence violates the Constitution or laws

---

1. Because Spencer is a *pro se* petitioner, the court liberally construes the Motion. *See Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978).

2. The court determined that the Motion, files, and records of the case conclusively show that the petitioner is not entitled to any relief. Accordingly, the court did not hold an evidentiary hearing. *See* 28 U.S.C. § 2255; *United States v. Baysden,* 326 F.2d 629, 631 (4th Cir.1964).

3. The limitations period for Spencer's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 expired on August 10, 2012, one year after his judgment of conviction became final. *See United States v. Sanders,* 247 F.3d 139, 142 (4th Cir.2001)

(holding that if a defendant declines to pursue appellate review, his conviction becomes final on the date the judgment of conviction was entered). While Spencer's Motion was not received by the Clerk until August 13, 2012, the envelope in which his Motion was mailed indicates that the Federal Correctional Institution processed it on August 10, 2012. On that basis, the Motion is timely. *See Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that *pro se* petitioner's notice of appeal was "filed" at the moment of delivery to prison authorities for forwarding to the District Court, not when the Clerk of the District Court received it); *Lewis v. Richmond City Police Dep't,* 947 F.2d 733 (4th Cir.1991) (holding the same for the filing of a civil complaint by a *pro se* prisoner).

of the United States; 2) the sentencing court lacked jurisdiction to impose the sentence; 3) the sentence exceeds the statutory maximum; or 4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" where the petitioner shows that his sentence was affected by "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

■ In challenging his sentence, the prisoner bears the burden of proving one of the aforementioned grounds by a preponderance of the evidence. *See Miller v. United States,* 261 F.2d 546, 547 (4th Cir. 1958). If he satisfies that burden, the court may vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(b). However, if the petitioner's motion, when viewed against the record, shows that the petitioner is not entitled to any relief, the court may summarily deny the motion. *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir.1988), *abrogated on other grounds by Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

## A. PROCEDURAL DEFAULT

■ The United States argues that Spencer has procedurally defaulted on his § 2255 claim because he did not raise the *Simmons* issues on direct appeal. As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d

714 (2003). In order to obtain collateral relief based on issues that could have been raised on direct appeal but were not, the movant must ordinarily show " 'cause' excusing his ... procedural default," and " 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 167–168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

■ Even in the absence of a showing of cause for the procedural default and resulting prejudice, a defendant may proceed with a collateral attack if. he is able to show that a fundamental miscarriage of justice would result were his claim denied. *United States v. Maybeck,* 23 F.3d 888, 892 (4th Cir.1994). To demonstrate a "miscarriage of justice," the petitioner "must show actual innocence by clear and convincing evidence." *United States v. Williams,* 396 Fed.Appx. 951, 953 (4th Cir.2010) (unpublished) (citing *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *United States v. Mikalajunas,* 186 F.3d 490, 493 (4th Cir.1999)).[4]

Spencer did not raise his objection at sentencing or on direct review.[5] Therefore, unless an exception applies, Spencer may not obtain collateral review of his procedurally defaulted claim.

## B. EXCEPTIONS TO PROCEDURAL DEFAULT

The exceptions to procedural default do not save Spencer's claim, as he has not demonstrated cause excusing his default and prejudice from the alleged error, or actual innocence.

### 1. CAUSE AND PREJUDICE

■ There is no cause that excuses Spencer's failure to bring his claim on

---

**4.** The Fourth Circuit has held that the actual innocence defense is available where the defendant is innocent of the acts required for a sentence enhancement. *See, e.g., Maybeck,* 23 F.3d at 893; *Williams,* 396 Fed.Appx. at 953

(remanding case for resentencing where a change in law rendered the petitioner actually innocent of being a career criminal).

**5.** *See infra* note 8 and accompanying text.

direct review.[6] Spencer argues that after *Simmons*, he "no longer has the requisite predicate felonies to be classified as a career offender." Mot. at 5.[7] While this argument could not have been raised at sentencing, which occurred before *Simmons* was decided, Spencer could have pursued this claim on direct appeal, as *Simmons* was decided before Spencer's deadline for appealing his criminal case expired.[8] Therefore, Spencer has not established sufficient cause to excuse his procedural default.[9] Moreover, since Spencer is properly qualified as a career offender, he cannot show prejudice to excuse his procedural default.[10]

## 2. ACTUAL INNOCENCE

■ The change in law- that *Simmons* effected does not render Spencer actually innocent of being a career offender. The Guidelines provide, in relevant part, that a defendant may be classified as a career offender, if he has at least two prior felony convictions of a controlled substance offense. U.S. Sentencing Guidelines Manual § 4B1.1. To qualify as a felony conviction of a controlled substance offense, the drug

---

**6.** Spencer also has not satisfied the prejudice prong. Even after *Simmons*, Spencer's prior convictions qualify him as a career offender. *See infra* Part II.B.2 and note 12.

**7.** In addition to *Simmons*, Spencer purports to rely on *Carachuri*, 130 S.Ct. 2577, and *Brantley*, 2012 WL 1745510, 2012 U.S. Dist. LEXIS 68373. Because *Carachuri* was decided on June 14, 2010, more than a year before Spencer was sentenced, Spencer is unquestionably procedurally defaulted from raising an objection based on *Carachuri* at this juncture, given his failure to raise such an objection at the time of sentencing. Moreover, in *Simmons*, the Fourth Circuit incorporated the *Carachuri* analysis, applying it to a sentencing issue more relevant to the claim currently before the court. As *Brantley* was decided by the Eastern District of North Carolina, it is not binding on this court. For these reasons, the analysis which follows herein is limited to whether the doctrine of procedural default bars Spencer from challenging his classification as a career offender on the basis of *Simmons*.

**8.** To appeal in a criminal case, the defendant must file notice of appeal in the district court within fourteen (14) days of "the entry of either the judgment or the order being appealed." Fed. R.App. P. 4(b). If the district court finds "excusable neglect or good cause" for the delay, it may extend the time to file a notice of appeal an additional thirty (30) days. *Id.* Spencer was sentenced on August 10, 2011. *Simmons* was decided on August 17, 2011. The deadline to file a notice of appeal was August 24, 2011. Thus, Spencer had seven (7) days after *Simmons* was decided in which he could have filed notice of appeal, yet

he failed to do so. Spencer also could have moved the court for an extension of the time to file notice of appeal to allow him to explore available grounds for appeal in light of *Simmons.*

**9.** In his Plea Agreement, Spencer knowingly waived his right to appeal "any sentence within the statutory maximum." Plea Agreement at 4. Spencer's current challenge, however, falls outside of the scope of his waiver. *See United States v. Blick*, 408 F.3d 162, 172 (4th Cir.2005) (characterizing "errors that the defendants could not have reasonably contemplated when the plea agreements were executed" as grounds for appeal outside the scope of the appeal waiver); *Graham v. United States*, No. 5:10–CR–18–BO–2, No. 5:12–CV–19–BO, 2012 WL 1120018, *1, 2012 U.S. Dist. LEXIS 46853, *4 (April 3, 2012) ("Whether a defendant was properly classified as a career offender in light of *Simmons* ... is [a claim that is] not barred by an appeal waiver, even if that waiver was knowing and voluntary."). As such, Spencer could have raised the ·present issue on direct appeal. Moreover, even if Spencer's appeal waiver did bar him from pursuing this claim on direct appeal, it likely would not excuse his procedural default. *United States v. Jones*, No. 94–6209, 1995 WL 321263, at *1, 1995 U.S.App. LEXIS 13021, at *3–4 (4th Cir. May 30, 1995) (unpublished) ("Although [the petitioner's] plea agreement prevented him from appealing, this is not sufficient cause for his procedural default.").

**10.** *See supra* note 6; *infra* Part II.B.2 and note 12.

offense must be "punishable by imprisonment for a term exceeding one year." *Id.* § 4B1.2. The actual sentence imposed is irrelevant to the inquiry. *Id.* § 4B1.2 cmt. n. 1. In *Simmons,* the Fourth Circuit held that the maximum potential term of imprisonment should represent the maximum potential term that *the actual defendant faced,* not the maximum potential term faced by a hypothetical defendant with the worst possible criminal history and the presence of the most aggravating factors. *Simmons,* 649 F.3d at 250.

The Presentence Investigation Report ("PSR") indicated that Spencer qualified as a career offender due to his conviction for possession of cocaine with intent to distribute in Norfolk Circuit Court on March 20, 1996, and his conviction for possession with intent to distribute cocaine base in the United States District Court on November 20, 2003. PSR at SI 76. Both offenses unquestionably meet the definition of predicate "felony," even under *Simmons.* The Norfolk Circuit Court sentenced Spencer to twenty (20) years imprisonment under Va.Code § 18.2–248.[11] Felony Trial Order, Norfolk Circuit Ct., Mar. 20, 1996. The fact that Spencer ultimately served only one year for that offense is not of legal significance, as the imposition of a twenty-year sentence makes clear that the offense was "punishable by imprisonment for a term exceeding one year." *Cf. Simmons,* 649 F.3d at 249 (focusing on the state record of conviction, not jail time actually served); *see also Whitley v. United States,* No. 2:02–0633, 2012 WL 3059617, at *2, 2012 U.S. Dist. LEXIS 103962, at *5 (D.S.C. July 26,

2012) (determining that even after *Simmons,* the petitioner's prior conviction qualified as a felony because the petitioner received a sentence of three years' imprisonment, even though the sentence was suspended).

## III. CONCLUSION

Spencer procedurally defaulted on his claim that he did not have the requisite predicate felonies to be classified as a career offender. Neither the "cause and prejudice" exception nor the "actual innocence" exception allows him to overcome his procedural default.[12] Accordingly, the Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED.**

The Petitioner is **ADVISED** that he may appeal from this Memorandum Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, 600 Granby Street, Norfolk, Virginia, 23510. The written notice of appeal must be received by the Clerk within sixty (60) days of the date of this Memorandum Final Order. The court declines to issue a certificate of appealability for the reasons stated herein.

The Clerk is **DIRECTED** to send a copy of this Memorandum Final Order to the Petitioner, the Assistant United States Attorney at Norfolk, and the Petitioner's trial counsel, Richard Joseph Colgan.

**IT IS SO ORDERED.**

---

11. The court initially suspended twenty (20) years of the sentence, conditioned on compliance with probation rules and good behavior. *Id.* Because Spencer violated the terms of his probation, the court reinstated the entire twenty-year sentence and re suspended all but one year of the sentence. Probation Violation Order, Norfolk Circuit Ct., June 9, 2006.

12. Even if the court were to reach the merits in this case, Spencer would not prevail. Because, as addressed herein, both predicate offenses clearly qualify as, felony convictions of controlled substance offenses, *Simmons* provides no relief. *See supra* Part II.B.2 and note 6.