**Quinton Keith SALLEY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Criminal No. 2:04–620.**

United States District Court,
D. South Carolina,
Charleston Division.

April 11, 2013.

---

John Robert Haley, Federal Public Defender's Office, Walterboro, SC, for Petitioner.

Alston C. Badger, Jr., U.S. Attorneys, Charleston, SC, for Respondent.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

Quinton Keith Salley ("Petitioner"), a federal prisoner, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Motion to Vacate"). The Government has filed a motion to dismiss, or in the alternative, a motion for summary judgment. The Court has thorough-

ly reviewed the record and finds the motions suitable for disposition without an evidentiary hearing. For the reasons that follow, the Court denies Petitioner's Motion to Vacate.

### BACKGROUND

On July 14, 2004, a federal grand jury returned a superseding indictment charging Petitioner with one count of possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D);[1] two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i);[2] one count of possession and distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B);[3] and four counts of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).[4] On January 4, 2005, Petitioner pled guilty to Counts 4 through 8, and pursuant to the plea agreement, the Court dismissed Counts 1 through 3.

At sentencing, on April 22, 2005, the Court adopted the Presentence Investigation Report ("PSR") without change and found that Petitioner's two prior convictions of failure to stop for a blue light constituted crimes of violence for purposes of sentencing him as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines. The Court sentenced Petitioner to a total term of 262 months' imprisonment.[5] The judgment was filed on May 11, 2005. Petitioner did not file a direct appeal of his conviction or sentence.

In February 2010, the Fourth Circuit held that "under no circumstance is a vio-

---

1. Count 1.

2. Counts 2 and 5.

3. Count 4.

4. Counts 3, 6, 7, and 8.

5. Specifically, Petitioner was sentenced to a term of 202 months as to Count 4 and a term of 120 months as to Counts 6, 7 and 8, said terms to run concurrently; and a term of 60 months as to Count 5 to run consecutively to the terms imposed for all other counts.

lation of South Carolina's blue light statute a violent felony under" the Armed Career Criminal Act ("ACCA"). *United States v. Rivers*, 595 F.3d 558, 560 (4th Cir.2010). The court based its holding on two recent Supreme Court cases addressing how to determine what statutes qualified as predicate offenses under the ACCA. *See Chambers v. United States*, 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009); *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). "Because the language defining a violent felony in § 924(e) [of the ACCA] is nearly identical to and materially indistinguishable from the language defining a crime of violence in U.S.S.G. § 4B1.2, [the Fourth Circuit] relies on case law interpreting both sections when examining whether a prior crime is a 'crime of violence' or a violent felony under the ACCA." *Rivers*, 595 F.3d at 560 n. 1 (internal quotations omitted).

Petitioner filed his Motion to Vacate on September 13, 2012, and a supplemental brief on October 25, 2012.[6] The Government filed its motion to dismiss—or in the alternative, a motion for summary judgment—on December 11, 2012. The Court appointed counsel to assist Petitioner in writing his reply, which was filed on March 22, 2013.

### APPLICABLE LAW

■ Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a sentence pursuant to § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958).

### STANDARD OF REVIEW

■ To grant a motion for summary judgment, the court must find that "there is no genuine dispute as to any material fact." Fed.R.Civ.P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir.1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).

### DISCUSSION

**I. Petitioner's Claim is Time Barred Under 28 U.S.C. § 2255(f)**

"A 1–year period of limitation applies to a motion under [§ 2255]." 28 U.S.C.

---

**6.** The document Petitioner filed on September 13, 2012, was entitled "Motion for Reconsideration of Sentence." On September 26, 2012, the Court issued an order notifying Petitioner that it intended to construe his filing as a motion to vacate pursuant to 28 U.S.C. § 2255 and giving Petitioner twenty days to supplement or amend his motion to reflect all grounds for post-conviction relief that he wished to raise.

§ 2255(f). The limitations period runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Petitioner's judgment became final on May 25, 2005, which was fourteen days after his judgment was entered. At that time, Petitioner had one year, specifically until May 25, 2006, to file his § 2255 Motion to Vacate. However, Petitioner did not file his Motion until September 13, 2012, more than six years after § 2255(f)(1)'s one-year limitation period had expired. Furthermore, Petitioner's Motion to Vacate is untimely under § 2255(f)(3) as it was not filed within one year of the issuance of either *Chambers v. United States,* 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009), or *Begay v. United States,* 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). Finally, as there was no impediment created in violation of the Constitution or laws of the United States that prevented Petitioner from filing this Motion on time, *see* 28 U.S.C. § 2255(f)(2), nor were there any new facts discovered to support Salley's claim, *see id.* § 2255(f)(4), Petitioner's Motion to Vacate is untimely.

## II. *Equitable Tolling is Appropriate*

The one-year limitations period in § 2255 may be equitably tolled in certain cases. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Moreover, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). Accordingly, under the Fourth Circuit's "extraordinary circumstances" test, Petitioner is entitled to equitable tolling only if he "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse,* 339 F.3d at 246. Petitioner must also show that he was prevented from filing despite exercising reasonable diligence in investigating and bringing the claims. *Harris,* 209 F.3d at 330.

After Petitioner was sentenced in federal court on April 22, 2005, he was turned over to state custody. He was convicted of Burglary 2nd and Possession of a Stolen Weapon in state court on July 20, 2005. After receiving his state sentence, he was turned over to the South Carolina Department of Corrections. He served his state sentence in a number of different facilities from September 2005 until August 2012. According to Petitioner's affidavit, none of the state facilities in which he was housed maintained libraries with up-to-date legal materials. Therefore, while in state prison he did not have access to recent Supreme Court opinions. However, shortly after being transferred to federal custody in

August 2012, he became aware of the *Chambers* and *Rivers* decisions. He filed his § 2255 Motion to Vacate in September 2013.

■ Without knowledge that the courts had changed the interpretation of "violent felony" for purposes of the career offender enhancement, Petitioner had no reason to file his Motion to Vacate. Petitioner's lack of access to up-to-date court opinions from September 2005 until August 2012 was an extraordinary circumstance beyond his control that prevented him from filing his Motion within one year of either the *Chambers* or *Begay* decisions. Furthermore, that Petitioner filed his untimely Motion within weeks of learning of the new decisions is evidence of his diligence in investigating and bringing his claims. Under the circumstances of this case, the Court concludes that equitable tolling is appropriate.

### III. *Petitioner's Claim is Not Cognizable*

■ It is settled law "that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio,* 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Instead, upon collateral review the sentencing court can correct the sentence only if the court concludes that "the judgment was rendered without jurisdiction, . . . the sentence imposed was not authorized by law or otherwise open to collateral attack, or . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Furthermore, a non-constitutional "error of law does not provide a basis for a collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Addonizio,*

442 U.S. at 185, 99 S.Ct. 2235 (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

■ Petitioner's Motion to Vacate alleges that, in light of *Chambers, Begay,* and *Rivers,* his sentence was not authorized by law or is otherwise open to collateral attack. Specifically, he contends that his sentence was improperly enhanced under the Sentencing Guidelines and that he is actually innocent of the "career offender" designation. However, except in extraordinary circumstances, "an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent,* 190 F.3d 279, 283–84 (4th Cir.1999) (explaining that § 2255 provides relief only for cases in which the sentence exceeded the maximum authorized by law). "Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines." *Id.* at 284. Moreover, "the mere misinterpretation or application of a guideline provision generally does not amount to a miscarriage of justice that warrants relief under § 2255." *United States v. Mikalajunas,* 186 F.3d 490, 496–97 (4th Cir.1999) (finding claim that district court erred in enhancing defendants' offense levels for restraint of murder victim raised allegation of ordinary misapplication of Sentencing Guidelines that did not amount to miscarriage of justice); *see United States v. Pettiford,* 612 F.3d 270, 284 (4th Cir.2010) ("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.").

The Fourth Circuit has not addressed the issue of whether a petitioner is entitled to relief under § 2255 when a district court

errs in sentencing the petitioner as a career offender based on prior offenses that are no longer considered violent felonies after *Chambers* and *Begay*.[7] However, the circuit courts that have considered this issue have concluded that such a claim is not cognizable on collateral review. *See Hawkins v. United States*, 706 F.3d 820, 822–24 (7th Cir.2013); *Sun Bear v. United States*, 644 F.3d 700, 704–06 (8th Cir.2011) (en banc) (holding that a § 2255 petitioner who had been sentenced within the statutory maximum as a Guidelines career offender could not obtain relief under new *Begay* rule because his sentence was not unlawful). In *Hawkins*, where a § 2255 petitioner was sentenced as a career offender after the Sentencing Guidelines had been made advisory, but before *Begay* or *Chambers* had been decided, the Seventh Circuit held that the petitioner was not entitled to relief under § 2255 because his sentence was below the statutory maximum. 706 F.3d at 822–24. The court found no miscarriage of justice, even though the petitioner's improperly enhanced sentence was above the Guidelines range for a non-career offender. *Id.* at 824–25 ("[W]e don't think that a sentence that is well below the ceiling imposed by Congress . . . [should] be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it.").

■ Like the defendant in *Hawkins*, Petitioner was sentenced after the Sentencing Guidelines had been made advisory. *See United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Therefore, although this Court considered the recommended Guidelines range, it did not presume the reasonableness of the recommended sentence but instead made an independent determination that the imposed sentence was consistent with the sentencing considerations set forth in 18 U.S.C. § 3553(a). *See id.*; *Hawkins*, 706 F.3d at 822–23. The recommended Guidelines sentencing range without the career offender enhancement was 188–235 months; with the career offender enhancement, the recommended range was 262–367 months.

Petitioner faced the following statutory sentencing ranges: 60–480 months for Count 4, 60 months to life for Count 5, and a maximum of 120 months for Counts 6–8. He was sentenced to 202 months for Count 4, 60 months for Count 5, and 120 months for Counts 6–8, for a total term of 262 months, the bottom of the enhanced Guidelines range. Therefore, his sentence was not unlawful because he was not sentenced above the statutory maximum for any of the counts; to the contrary, he was sentenced well below the maximum sentences. Furthermore, because the Guidelines were merely advisory at the time Petitioner was sentenced and because Petitioner has not alleged that he was actually innocent of his prior convictions of failing to stop for a blue light, the Court concludes that Peti-

---

**7.** In an unpublished opinion, the Fourth Circuit found that a petitioner is entitled to § 2255 relief when a district court's error in sentencing the petitioner as an armed career criminal resulted in a sentence above the statutory maximum. *United States v. Williams*, 396 Fed.Appx. 951 (4th Cir.2010) (unpublished) (petitioner entitled to collateral relief because he was actually innocent of being an armed career criminal and thus was improperly sentenced beyond the statutory maximum); *see also Jones v. United States*, 689 F.3d 621, 625–26 (6th Cir.2012) (petitioner entitled to collateral relief because he was improperly sentenced under ACCA to five years more than the statutory maximum permitted under his statute of conviction); *United States v. Shipp*, 589 F.3d 1084, 1091 (10th Cir.2009) (petitioner entitled to collateral relief because he was improperly sentenced beyond the statutory maximum, resulting in a due process violation and a miscarriage of justice).

tioner cannot show that his enhanced sentence was otherwise open to collateral attack—i.e., that the sentence resulted in a complete miscarriage of justice. *See Addonizio,* 442 U.S. at 185, 99 S.Ct. 2235; *Hawkins,* 706 F.3d at 824 ("An error in the interpretation of a merely advisory guideline is less serious [than a sentence that exceeds the statutory maximum sentence or a mandatory guideline ceiling that has the force of law]. Given the interest in finality, it is not a proper basis for voiding a punishment lawful when imposed."); *Pettiford,* 612 F.3d at 284.

Assuming *arguendo* that either *Chambers* or *Begay* can apply retroactively to cases on collateral review,[8] Petitioner cannot rely on those decisions to obtain § 2255 relief. *See United States v. Powell,* 691 F.3d 554, 563 n. 2 (4th Cir.2012) (King, J., dissenting) (observing that because "defendants labeled career offenders cannot receive sentences exceeding the applicable statutory maximum," those defendants cannot rely on an arguably retroactive Supreme Court case to obtain § 2255 relief); *see also Hawkins,* 706 F.3d at 822–24; *Sun Bear,* 644 F.3d at 704–06. Accordingly, the Court denies Petitioner's Motion to Vacate.

### CONCLUSION

Based on the foregoing, it is **ORDERED** that Petitioner's Motion to Vacate is hereby **DENIED**. It is **FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petition-

er has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **ORDERED** that Respondent's motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

---

8. The Court declines to decide the issue of whether or not *Chambers* and *Begay* can apply retroactively to cases on collateral review. To date, neither the Supreme Court nor the Fourth Circuit has expressly ruled on the issue. Nonetheless, the Court notes that those circuit courts that have directly addressed the issue have found those cases to be retroactive. *See Jones v. United States,* 689 F.3d 621, 624 (6th Cir.2012) (holding *Begay* applies retroactively); *Welch v. United States,* 604 F.3d 408,

415 (7th Cir.2010) (holding *Begay* and *Chambers* retroactive); *Lindsey v. United States,* 615 F.3d 998, 1000 (8th Cir.2010) (holding *Begay* retroactive); *United States v. Shipp,* 589 F.3d 1084, 1090 (10th Cir.2009) (holding *Chambers* retroactive); *but see United States v. Craig,* No. 6:02–1358–HMH, 2012 WL 5363393, at *3 (D.S.C. Oct. 30, 2012) (holding that the rule announced in *Begay* and *Chambers* is not retroactively applicable to cases on collateral review).